**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD EDELSON,<br><br>  Plaintiff,<br><br>v.<br><br>STEPHEN CHEUNG,<br><br>  Defendant. | Civil Action No. 2:13-cv-5870 (JLL) (JAD)<br><br>OPINION |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Leonard Edelson's Motion for Sanctions against Defendant Steven Cheung filed on August 4, 2016. (ECF No. 143). Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of the parties' submissions and for the reasons stated below, Plaintiff's Motion for Sanctions is **GRANTED** in part.

I.  **BACKGROUND**

On October 2, 2013, Plaintiff instituted an action against Defendant Stephen Cheung asserting claims for breach of contract and duty of good faith and fair dealing. (See Compl., ECF No. 1). Plaintiff alleges that the parties entered into an agreement on September 14, 2006. (Compl., ECF No. 1 at 2). "Under the Contract, [Plaintiff] agreed to provide machinery, yarn, and consultant services, with a value in excess of $600,000, to [Defendant's] Eastchester facility in

exchange for [Defendant's] promise to give [Plaintiff] a 50% interest in Eastchester at any time specified by [Plaintiff]." (Compl., ECF No. 1 at 3). After entering into the agreement, Plaintiff alleges that Defendant transferred ownership of Eastchester to a third-party. Id. Plaintiff charges Defendant with breaching the contract and breaching the covenant of good faith and fair dealing. Id.

On April 1, 2014, Plaintiff served his first request for the production of documents. (Pl. Br., ECF No. 143-4, at 4). "The Requests included communications relating to Eastchester Lace Corp., as well as other communications, both electronic and hard copy, concerning the issues in this lawsuit." Id.

On May 16, 2014, this Court Ordered the appointment of Harold Braff ("Special Master") to serve as Mediator and Discovery Master. (Order, ECF No. 17). The Special Master was granted the authority to resolve any discovery disputes in preparation for the mediation sessions. In November of 2014, the Special Master issued an oral Order "barring the defendant from producing any further materials relative to the sales and/or business records regarding the entities involved after December 2, 2014." (Braff R&R, ECF No. 96 at 1).

On July 13, 2015, Defendant produced additional documents Bates Stamped Cheung 04812-05386. (Braff R&R at 2). Plaintiff moved to bar Defendants production of documents. (Braff R&R, at 2). Plaintiff argued that such documents violated the Special Master's oral Order as the documents produced were sales and/or business records. (Braff R&R, at 2).

On November 6, 2015, Defendant testified at his deposition that he had an additional e-mail address, stephen.eclny@gmail.com, not previously disclosed. (D'Angiolillo Decl., Ex. H at 168:1-25 ("Cheung Tr."), ECF No. 143-2).

On November 9, 2015, the Special Master filed a Report and Recommendation, *inter alia*, granting Plaintiff's motion to bar Defendants July 13, 2015 production of documents in part. (Braff R&R, ECF No. 96). The Special Master granted Plaintiff's motion for sanctions under Fed. R. Civ. P. 37 seeking Plaintiff's costs and attorney's fees associated with the motion to bar the July 13, 2015 production of documents. (Braff R&R at 3). On March 11, 2016, the Special Master followed up with a Letter Order recommending the Court order Defendant to pay $8,844.55 in sanctions. (Order, ECF No. 126).

On February 23, 2016, Defendant was deposed again. Defendant testified that he deleted e-mails from the account stephen.eclny@gmail.com because his computer "was running very sluggish" and someone recommended that he delete "certain items" from his computer in order to increase the speed of the computer. (Cheung Tr. at 277, 278).

On May 20, 2016, this Court entered an Order confirming the March 11, 2016 Letter Order issued by the Special Master. (Order, ECF No. 126). Defendant was ordered to pay monetary sanctions in the sum of $8,844.55. Id. On June 29, 2016, Defendant was ordered to pay the sanctions addressed in the May 20, 2016 Order by July 29, 2016. (Order, ECF No. 138). As of this date, Defendant has not paid the sum of $8,844.55.

On June 29, 2016, this Court entered an Order permitting Plaintiff to conduct additional discovery concerning Defendant's alleged transfer of assets. (Order, ECF No. 138). On "July 6, 2016, Plaintiff served, via e-mail and Federal Express overnight mail, a Request to Produce Documents, Interrogatories, and a Notice of deposition, on Defendant." Defendant has not produced any documents or appeared for the scheduled deposition. (Pl. Br. ECF No. 143-4, at 3).

Plaintiff now moves this Court to impose additional sanctions against Defendant for (1) spoliation of electronic evidence; (2) failure to respond to Plaintiff's July 6, 2016 demand for

discovery; and (3) failing to appear at a scheduled deposition. (Pl. Br. ECF No. 143-4, at 8). Plaintiff asks this Court to enter a default judgment against Defendant. Id. In the alternative, Plaintiff requests that the Court enter an adverse inference. Id. at 12. Finally, Plaintiff request that this Court impose monetary sanctions, specifically, attorney's fees and cost expended by Plaintiff in filing this motion, due to Defendant's alleged spoliation. Id. at 19.

## II. DISCUSSION

### a. Spoliation of evidence and Sanctions.

The Court must determine whether there is a finding of spoliation of electronic evidence and what sanction is appropriate. Spoliation of evidence is defined as the "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." TelQuest Intern. Corp. v. Dedicated Business Systems, Inc., No. 06-5359 (ES), 2009 WL 690996, *2 (quoting Mosaid Tech., Inc. v. Samsung Elec. Co., Ltd., 348 F. Supp. 2d 332, 335 (D.N.J. 2004). Federal Rule of Civil Procedure 37(e) describes the obligation to preserve electronic evidence and includes remedies for failure to preserve such evidence.

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>    (A) presume that the lost information was unfavorable to the party;
>    (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>    (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37.

The recent amendments to Rule 37 were "designed to provide a uniform standard in federal court for use of these serious measures when addressing failure to preserve electronically stored information." Fed. R. Civ. P. Advisory Committee Notes, Fed. R. Civ. P. 37. When imposing spoliation sanctions under Rule 37, the Courts considers, "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." Lexpath Techs Holdings, Inc. v. Welch, No. 13-5379 (PGS), 2016 U.S. Dist. LEXIS 116597, *16 (quoting Bensel v. Allied Pilots Ass'n, 263 F.R.D. 150, 152 (D.N.J. 2009) (citing Schmid v. Milwaukee Elec. Tool Corp., 13 F. 3d 76, 79 (3d Cir. 1994)). An adverse inference requires a showing of "bad faith." Lexpath Techs Holdings, Inc., No. 13-5379 (PGS), 2016 U.S. Dist. LEXIS 116597, *13.

In the matter at hand, Plaintiff seeks a spoliation ruling against Defendant for failure to preserve electronic correspondence pertaining to the issues of the case contained in Plaintiff's e-mail address stephen.eclny@gmail.com. Plaintiff contends that Defendant's actions warrant the harsher sanction of a default judgment because the deleted e-mails cannot be restored or replaced and Plaintiff is prejudiced by the loss of the e-mails. (Pl. Br., ECF No. 143-4, at 11). In the event that the Court is not persuaded to impose a default judgment, Plaintiff argues that an adverse inference is appropriate. Id. At 12.

Plaintiff contends that Defendant was in control of the email account as it was his personal account. (Pl. Br., ECF No. 143-4, at 13). Plaintiff argues that the duty to preserve the evidence was reasonably foreseeable because the "lawsuit was well under way, the very types of e-mails Cheung was creating and deleting had been requested in discovery." Id. Plaintiff argues that there

is a showing of actual suppression and withholding of the evidence as "Cheung admitted that he deleted the e-mails and, to date, has not apparently been able to recover them, as they have not been produced." Id. at 13. Furthermore, Plaintiff argues that, based on Defendant's communications found in that e-mail account, it is clear that Defendant meant to withhold the e-mail communications contained in that account. In support of Plaintiff's argument, he points to an e-mail produced by Geremy Bernstein. (Pl Br., ECF No. 143-4, at 8). In an e-mail chain between Defendant and Geremy Bernstein, Defendant wrote: "Don't forget to use only gmail account [stephen.eclny@gmail.com] Do not use frontier e-mail They read everything." Id. Moreover, Plaintiff contends that Defendant's conduct was made in bad faith. Id. at 11-12. According to Plaintiff, "Defendant created an e-mail account to hide relevant communications [from] his own lawyers. Then, when Plaintiff found out about the existence of this secret e-mail account, through another party's production, Defendant deleted the evidence." Id. at 11. Plaintiff contends that "Cheung's intentional deletion of relevant e-mails from an e-mail account he kept hidden after this case had commenced and the e-mails requested is textbook spoliation warranting sanctions." Id. at 12-13.

In support of Plaintiff's argument that he will suffer prejudice from the loss of these e-mails, Plaintiff argues that the "e-mails deleted go to the heart of issues in this lawsuit and it is likely that there were hundreds if not thousands of e-mails deleted."[1] (Pl Br., ECF No. 143-4, at 14). Plaintiff argues that in reviewing e-mails produced by Geremy Bernstein, these e-mails are significant in that they can prove that Defendant breached the contract and engaged in fraud.[2] Id. Plaintiff argues that, "the content of the deleted e-mails are extremely damaging to Defendant's

---

[1] Plaintiff provides no factual analysis supporting this "likelihood".
[2] The e-mails were produced through a subpoena propounded on Geremy Bernstein. (Pl. Br., ECF No. 143-4, at 7).

6

position as they show that Cheung still has control over the manufacturing facility in China, that he could use that control to undercut prices for Plaintiff, and that Cheung is actively engaged in trying to divert Plaintiff's business to himself." Id. at 8.

Defendant does not dispute that he had control of the e-mail account or that he deleted the e-mails. Defendant testified that he deleted the e-mails after the filing of Plaintiff's Complaint. (Cheung Tr. at 280). However, Defendant disputes that he intended to suppress or withhold the evidence. On February 23, 2016, Defendant testified at his deposition that "it didn't occur" to him that such email account should be provided. (Cheung Tr. at 277:1-25, 278:1-25). Defendant testified that that he deleted the e-mails because his computer was acting "sluggish". Id. Defendant contends that he did not know that deleting the e-mails "would lead to the misunderstanding of [his] intention[s]". (Def. Opp. Ltr. 8/9/2016, at 1).

This Court finds that Defendant's conduct was intended to deprive Plaintiff of the information contained in the e-mails in question. Plaintiff has proved that the electronic evidence in question was withheld or suppressed. Defendant's testimony that he deleted the e-mails because his computer was acting "sluggish" lacks credibility considering the timing in which he deleted the e-mails and evidence that he was attempting to prevent others from reading the communications at issue. (Pl Br., ECF No. 143-4, at 8). However, Plaintiff has failed to demonstrate that he has suffered a degree of prejudice that merits the imposition of a default judgment against Defendant. Plaintiff's briefs and supporting papers demonstrate that there is additional evidence, other than the e-mails at issue, that may be used at trial to prove the allegations against Defendant. Furthermore, Plaintiff was able to attain, through the subpoena propounded on Geremy Bernstein's, some of the e-mails that can be presented to the jury to further support his claims. In determining the appropriate sanction, the record reflects that sanctions were previously

imposed against Defendant. (Order, ECF No. 126). In reviewing all the sanctions available, the Court will adopt the more appropriate sanction to instruct the jury that it may presume the information was unfavorable to Defendant. Fed. R. Civ. P. 37(e)(2)(B).

Plaintiff also request that the Court order Defendant to pay attorney's fees and costs expended by Plaintiff in pursuing the spoliation and filing of this motion. (Pl. Br., ECF No. 143-4, at 12). Plaintiff shall file an affidavit setting forth the expenses for the Court's consideration. The Court will review and decide that motion in a separate decision.

### b. Motion for Sanctions Against Defendant for Failure to Produce Discovery and Pay the Court Ordered Sanctions.

Additionally, Plaintiff requests that this Court impose Rule 37 sanctions on Defendant for his alleged failure to comply with Plaintiff's discovery requests and for failure to pay sanctions by July 29, 2016. (Pl. Br., ECF No. 143-4, at 12). As discussed above, Plaintiff states that he served Defendant with Request for Documents, Interrogatories and a Notice to take Defendant's deposition. Id. Due to Defendants' alleged non-compliance, Plaintiff requests that this Court enter a default judgment; hold Defendant in contempt; and impose monetary sanctions against Defendant. Id. at 15-22. Defendant, on the other hand, argues that he was never served the deposition notice. (Def. Opp., 8/9/2016, at 2). Defendant does not state whether or not he received Plaintiff's Request for Documents and Interrogatories.

Federal Rule of Civil Procedure 37 (b)(2) provides instances where sanctions may be sought in the District where the action is pending. Applicable in the instant case, Rule 37 (b)(2)(A) provides, in relevant part:

> (2) Sanctions Sought in the District Where the Action Is Pending.
>
> (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the

8

> following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Although this Court has broad discretion in determining whether sanctions are appropriate under Rule 37, "sanctions are reserved for the most egregious violations." Starland v. Fusari, No. 10-cv-04930 (JLL), 2012 WL 3277084 at *4 (D.N.J. 2012).

In deciding whether to impose a default judgment against a party, the Court may consider the factors established in Poulis v. State Farm Fire and Casualty Co., 747 F. 2d 863 (3d Cir. 1984). Under Poulis, the Court considers:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F. 2d at 868.

Courts have continuously exercised lenient standards with *pro se* parties. See e.g., Robinson v. Burlington Cnty. Bd. of Soc. Servs., No. 07-2717 (NLH), 2008 WL 4371765, at *2 (D.N.J. Sept. 18, 2008) ("since plaintiff is proceeding pro se, a more lenient standard is applied in determining whether the complaint states a claim that would entitle him to relief.") This leniency, however, should not be abused by *pro se* litigants. "[A]ll litigants, including *pro ses,* have an obligation to comply with Court orders." Creeden v. Home Depot, No. 06-3669 (JAG), 2007 WL

1521439, at *2 (D.N.J. May 23, 2007) (internal citation omitted). Nevertheless, issuing sanctions is entirely within this Court's discretion. See Fed. R. Civ. P. 37.

Plaintiff argues that default judgment is appropriate as Defendant "has been manipulating and exploiting the discovery process since the very beginning of this case." (Pl. Br., ECF 143-4, at 17). Furthermore, Plaintiff argues that Defendant's actions have "seriously impeded Plaintiff's ability to 'prepare effectively a full and complete trial strategy' and, this, is 'sufficiently prejudicial' for Poulis analysis. Id. at 19. (citing Ware v. Rodale Press, Inc. 322 F. 3d 218, 222 (3d Cir. 2003)).

In response, Defendant argues that he never received the deposition notice. (Def. Opp., Aug. 9, 2016, at 2). Furthermore, he argues that Plaintiff should provide proof of mailing. (Def. Opp., Aug. 22, 2016, at 2).

In considering Plaintiff's arguments that he has been prejudiced by Defendants failure to produce discovery, the Court finds that Plaintiff has failed to demonstrate that he has suffered such substantial prejudice to impose a default judgment against Defendant. Furthermore, the Court finds that holding Defendant in Contempt is not appropriate at this time. The Court disagrees with Plaintiff's argument that he will not be able to present his claims against Defendant.

Nonetheless, Defendant's complete lack of response cannot be tolerated. Defendant's claim that he did not receive the discovery demands is not credible. Plaintiff points out that in addition to mailing the discovery demands via Federal Express, Plaintiff also sent the discovery demands via the e-mail address Defendant provided. (Pl. Br., ECF No. 143-4, at 7; Pl. Rep., ECF No. 152 at 5). Since the filing of this motion, Defendant has made no efforts to respond to the demands or make efforts to attain an additional copy of the discovery demands. Accordingly, this Court shall suppress Defendant's defenses and strike his Answer and Counterclaims. This Court

has scheduled an in-person status conference with Plaintiff and Defendant for March 10, 2017 at 10:30 a.m. The Court will, in a properly filed Motion, returnable no later than February 12, 2017, entertain Defendant's' application to reinstate Defendant's Answer and Counterclaims upon proof of a full and complete response to Plaintiff's discovery requests.[3] Plaintiff shall send another copy of the July 6, 2016 requests to produce documents and interrogatories to Defendant via certified mail and e-mail.

As to Defendant's failure to pay the sanctions by the Court Ordered July 29, 2016 deadline, this Court will entertain Defendant's application to make partial payments with a proposed schedule. Defendant shall submit a proposed scheduled on or before January 27, 2017.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for sanctions is granted in part. An appropriate form of Order will be entered.

_____ 1/12/17
JOSEPH A. DICKSON, U.S.M.J.

cc.   Honorable Jose L. Linares, U.S.D.J.

---

[3] A full and complete response, may of course, include proper objections and assertions of privilege.