NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD EDELSON, | CIVIL ACTION NO. 13-5870 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| STEPHEN CHEUNG, MARCUS CHEUNG, and ROSANNA CHEUNG, | |
| Defendants. | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1.  Currently pending before the Court is the plaintiff's motion pursuant to Rule 54(b) and Rule 55(b)(2) of the Federal Rules of Civil Procedure for the entry of default judgment.

2.  In this action, the plaintiff originally asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and unjust enrichment solely against the defendant Stephen Cheung (hereinafter, "the First Set Of Claims"). (ECF No. 1 (complaint); ECF No. 41 (first amended complaint).)

3.  The plaintiff subsequently amended his pleadings to add claims for fraudulent transfer against Stephen Cheung, against the defendant Marcus Cheung, who is Stephen Cheung's son, and against the defendant Rosanna Cheung, who is Stephen

Cheung's wife (hereinafter, "the Second Set Of Claims"). (ECF No. 184 at 38–43 (second amended complaint).)

4. The plaintiff alleges that he entered into a contract wherein he agreed to provide machinery, yarn, and consulting services to a facility operated in China (hereinafter, "the Facility") by Stephen Cheung, and in exchange Stephen Cheung promised to give the plaintiff a 50% interest in the Facility at any time. (ECF No. 184; *see also* ECF No. 158 at 1–2 (Opinion entered January 13, 2017).) The plaintiff further alleges that Stephen Cheung, without advising or compensating the plaintiff, transferred the ownership of the Facility to a certain third party. (ECF No. 184; *see also* ECF No. 158 at 2.)

5. In addition, the plaintiff alleges that Stephen Cheung has fraudulently transferred his personal assets to Marcus Cheung and Rosanna Cheung, in order to put those assets out of the plaintiff's reach for an eventual execution of a judgment against Stephen Cheung. (ECF No. 184 at 30–32; *see also* ECF No. 181 at 12–13 (opinion dated September 22, 2017).)

6. Stephen Cheung's answer to the First Set Of Claims was stricken on January 13, 2017, due to his repeated failure to meaningfully participate in the discovery process. (ECF No. 158 at 10–11; *see also* ECF No. 157 (Order entered January 13, 2017).) He has not sought any relief from that aforementioned Order, even though almost one year has elapsed since its entry.

7. However, Stephen Cheung's separate answer to the Second Set Of Claims,

which Stephen Cheung has filed *pro se*, has not been stricken. (ECF No. 193.) In addition, Marcus Cheung and Rosanna Cheung, who are represented by counsel, have filed their own answer to the Second Set Of Claims. (ECF No. 197.)

8. The plaintiff now moves for the entry of default judgment against Stephen Cheung on the First Set Of Claims in the amount of $2,293,000, plus prejudgment interest, postjudgment interest, punitive damages, and costs. (*See* ECF No. 194 through ECF No. 194-20; ECF No. 200 through ECF No. 200-10; *see also* ECF No. 194-1 at 41– 47 (the plaintiff setting forth the amount of damages that he seeks).) Marcus Cheung and Rosanna Cheung have opposed the motion. (*See* ECF No. 198 through ECF No. 198-4.) However, Stephen Cheung has not separately responded to the motion.

9. The decision to either enter a default judgment or refuse to enter such a judgment rests in the Court's discretion. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

10. It is apparent that the plaintiff intends to continue to prosecute the Second Set Of Claims against all three defendants, because the plaintiff has only recently added those claims and has not stated an intention to withdraw them. Thus, a judgment entered against Stephen Cheung as to the First Set Of Claims at this juncture would not end this dispute, thereby giving rise to piecemeal litigation, the possibility of a double recovery for the plaintiff, and the danger of logically inconsistent determinations as to the Second Set Of Claims.

11. Furthermore, Marcus Cheung and Rosanna Cheung would be prejudiced in

their defense to the Second Set Of Claims to the extent that their liability may be derivative of the Court's determination concerning the First Set Of Claims, and such a determination would be a foregone conclusion that they would be barred from disputing. *See Ramada Worldwide Inc. v. VNM Foothills TIC, LLC*, No. 15-4078, 2016 WL 1162750, at *1–2 (D.N.J. Mar. 23, 2016) (denying the entry of default judgment against the first defendant until the entire action was resolved, because the first defendant and several additional defendants were jointly and severally liable, and it would be incongruous to enter judgment as to the first defendant while permitting the action to proceed on the merits against the additional defendants).

**12.** Because the relief as to all of the claims that are asserted against all of the defendants should be consistent, the Court declines to exercise its discretion to grant judgment in the plaintiff's favor on the First Set Of Claims while the Second Set Of Claims remain viable. *See Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *2 (D.N.J. Jan. 5, 2016) (denying the plaintiff's motion pursuant to Rule 54 and Rule 55 for entry of judgment against only one of the two defendants, because "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants") (quoting *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008)).

**13.** Therefore, the Court administratively terminates the plaintiff's motion, but

does so without prejudice to the plaintiff to seek one complete judgment when appropriate, *i.e.*, when the liability of Stephen Cheung, Marcus Cheung, and Rosanna Cheung has been ascertained as to the Second Set Of Claims.

**14.** If the plaintiff eventually moves for such a complete judgment, then the plaintiff should be sure to file a proposed order that specifically sets forth the extent to which any of the defendants are jointly and severally liable for any monetary amounts owed. For good cause shown:

**IT IS THEREFORE** on this ___3rd___ day of January, 2018, **ORDERED** that the plaintiff's motion for the entry of default judgment against the defendant Stephen Cheung as to the claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and unjust enrichment **(ECF No. 194)** is administratively terminated without prejudice; and it is further

**ORDERED** that the plaintiff is granted leave to move for the entry of one complete judgment when all of the pending claims in this action have been resolved.

JOSE L. LINARES
Chief Judge, United States District Court